IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00078-BNB

STELLA M. JONES,

    Plaintiff,

v.

QWEST COMMUNICATIONS, and
COLORADO DIVISION OF WORKER'S COMPENSATION,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 17 2008

GREGORY C. LANGHAM
                    CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Stella M. Jones, has filed *pro se* a Complaint. The court must construe the Complaint liberally because Ms. Jones is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Ms. Jones will be ordered to file an amended complaint.

The court has reviewed the Complaint and has determined that it is deficient because the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The

requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Jones fails to set forth a short and plain statement of the grounds on which the court's jurisdiction depends. In other words, she fails to cite the statutory authority that allows this court to consider the claims she is asserting in this action. Although Ms. Jones cites a Colorado state statute in the jurisdiction section of the Complaint, that Colorado state statute does not give this federal court jurisdiction over the claims she is asserting.

Ms. Jones also fails to set forth a short and plain statement of her claims showing that she is entitled to relief. In order for Ms. Jones "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E.*

*Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Ms. Jones apparently is asserting some claim or claims relevant to a state worker's compensation proceeding, but she fails to allege specific facts that explain why she is suing the named Defendants in this court in this action.

A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The court finds that the Complaint does not meet the requirements of Fed. R. Civ. P. 8(a) and that Ms. Jones should be given an opportunity to file an amended complaint. She will be directed to do so below. Accordingly, it is

ORDERED that Ms. Jones file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Ms. Jones, together with a copy of this order, two copies of the following form: Complaint. It is

FURTHER ORDERED that, if Ms. Jones fails within the time allowed to file an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED January 17, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 08-cv-00078-BNB

Stella M. Jones
750 Dayton Street, Apt. 14
Aurora, CO 80010

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on 1/17/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk