IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00078-BNB

STELLA M. JONES,

Plaintiff,

v.

QWEST COMMUNICATIONS, and
COLORADO DIVISION OF WORKERS COMPENSATION,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 27 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Stella M. Jones initiated this action by filing *pro se* a Complaint. On January 17, 2008, Magistrate Judge Boyd N. Boland ordered Ms. Jones to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On February 15, 2008, Ms. Jones filed an amended complaint.

The Court must construe the amended complaint liberally because Ms. Jones is not represented by an attorney. **See *Haines v. Kerner*,** 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the amended complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers. **See *id.*** However, the Court should not be an advocate for a *pro se* litigant. **See *Hall*,** 935 F.2d at 1110.

The Court has reviewed the amended complaint filed in this action and finds that the amended complaint still fails to comply with the pleading requirements of Rule 8.

The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See* ***Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See **TV Communications Network, Inc. v. ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo. 1991), ***aff'd***, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) requires that a pleading "contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1) which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Jones alleges that she was injured on the job in January 1995. Based on the documentation attached to the amended complaint, it appears that Ms. Jones filed a worker's compensation claim and agreed to a structured settlement in 2001. It also appears that Ms. Jones no longer is happy with the settlement and that she has filed this action in an effort to modify the original settlement. However, Ms. Jones fails to set forth a short and plain statement of her claims against the Defendants named in the amended complaint showing that she is entitled to relief. As Magistrate Judge Boland

2

advised Ms. Jones, in order "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Ms. Jones fails to provide this sort of detail in support of the claims she is asserting in this action.

Furthermore, although Ms. Jones now asserts jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441 in the amended complaint, it is not clear what federal question she may be raising or what state court action she may be seeking to remove. The Court does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Ms. Jones's worker's compensation claim and she may not remove her worker's compensation case to this Court pursuant to 28 U.S.C. § 1441.

A decision to dismiss a pleading pursuant to Rule 8 is within the Court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The burden Ms. Jones places upon the Court to identify, interpret, and respond to her claims is unreasonable. Therefore, the action will be dismissed for failure to comply with the pleading requirements of Fed. R. Civ. P. 8(a). Accordingly, it is

ORDERED that the complaint, the amended complaint, and the action are dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

DATED at Denver, Colorado, this 27 day of February, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00078-BNB

Stella M. Jones
PO Box 390031
Denver, CO 80239

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/27/08

                                         GREGORY C. LANGHAM, CLERK

                                     By: _____
                                                    Deputy Clerk